UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                        Case No. 8:23-Cr-108-WFJ-CPT

JOSHUA SCOTT LANDERS

_____/

**SENTENCING MEMORANDUM**

  This Court should sentence Mr. Landers to 180 months' imprisonment. The facts of the case will be familiar to this Court: Mr. Landers was found guilty of surreptitiously emplacing a camera in his then-16-year-old stepdaughter's bedroom that recorded her masturbating. A forensic examination of the devices on which the recordings were stored revealed no evidence that the recordings reached anyone else, and the Government advises defense counsel that the remote "cloud" storage system on which they once resided has been fully secured and deleted. At age 47, Mr. Landers has zero criminal history points or criminal history to speak of (he successfully completed a diversion program for a theft charge in 2005). The searches of his devices revealed no evidence of his possession of any other child pornography. He does not drink or use drugs. He has made a living as a skilled carpenter and contractor, work experience that will likely serve him well once he is released from prison.

  The presentence report provides an offense level of 39 and a criminal history

category of I.  Included within that offense level is a 5-level enhancement for "repeat and dangerous sexual offenders against minors."  But the guideline at issue does not define what is a "covered sex crime" subjecting a defendant to this enhancement, and the Guidelines' commentary cannot make a substantive policy choice as to which "sex crimes" should be "covered" and which should not.  Because the Sentencing Commission has never defined "covered sex crime" with the force of law, the Government cannot show that Mr. Landers' "sex crimes" are "covered," and so cannot prove the enhancement.  In any event, putting aside the precise language of the guideline, Mr. Landers simply is not a "repeat and dangerous sexual offender against minors."  He engaged in a single course of criminal conduct in middle age against a single victim.  The Court should either sustain his objection to the 5-level enhancement or vary downward 5 levels to neutralize its effect.

     Without the 5-level enhancement, the offense level would be 34 and the criminal history category would be I, leading to an advisory guidelines range of 151 to 188 months' imprisonment.  However, some of Mr. Landers' offenses carry a minimum statutory penalty of 15 years' imprisonment – near the high end of that guidelines range.  The Court should therefore sentence Mr. Landers to 180 months' imprisonment.

## I. The "repeat and dangerous sexual offender against minors" enhancement does not apply.

The enhancement applies when "the defendant's instant offense of conviction is a *covered sex crime*" and certain other conditions are met.  U.S.S.G. § 4B1.5(b) (emphasis added).  The guideline does not define the term "covered sex crime" or otherwise expand on its meaning.  The commentary, on the other hand, purports to define the term by providing a list of statutes which, if violated, constitute a "covered sex crime."  *See id*. § 4B1.5 cmt. n.2.

The Commentary's list of qualifying offenses is owed no deference.  The commentary cannot expand the interpretation of unambiguous sentencing guidelines.  *United States v. Dupree*, 57 F.4th 1269, 1273 (11th Cir. 2023).  A court may not defer to the commentary unless the guideline is "'genuinely ambiguous,'" the court having exhausted all tools of statutory interpretation.  *Id*. at 1274-75 (quoting *Kisor v. Wilkie*, 588 U.S. 558, 573 (2019)).  Even if a guideline is genuinely ambiguous, the commentary is only owed deference by courts if it provides a "reasonable" interpretation.  *See Kisor*, 588 U.S. at 575-76.  "To be a 'reasonable interpretation' of a Guideline, a rule contained in the commentary must first be an 'interpretation' of that Guideline, not a 'substantive policy choice.'"  *United States v. Phillips*, 54 F.4th 374, 387 (6th Cir. 2022) (Larsen, J., concurring in the judgment) (citing *United States v. Riccardi*, 989 F.3d 476, 487 (6th Cir. 2021)).

3

Here, the term "covered sex crime" is not "genuinely ambiguous" under *Kisor* and *Dupree*. The first and often last of the interpretive tools described by *Kisor* and *Dupree* is the plain text of the guideline. *See Dupree*, 57 F.4th at 1277. Under the plain meaning of "covered sex crime," the instant offense must be a crime relating to sex. "Cover," in this context, according to *Oxford*, means "(of a rule or law) apply to (a person or situation)." Under the guideline text's plain meaning, then, a "covered sex crime" is a crime relating to sex to which a law or rule applies. There is no genuine ambiguity under *Dupree* and *Kisor* that would permit deferring to the commentary.

Of course, the guideline fails to specify the "rule or law" that must apply to the sex crime, to make it "covered." But this failure does not make the guideline *ambiguous*, it makes it *incomplete*. The Sentencing Commission failed to provide the rule or law that would make the sex crime covered, so none are covered.

Further, even if the guideline were genuinely ambiguous, the commentary's list of statutes is not an "interpretation" of the guideline. Instead, it is a "substantive policy choice" made by the Commission within the commentary. *See Riccardi*, 989 F.3d at 487. A substantive policy choice is not an interpretation, it is an attempt at rulemaking outside of the requirements of congressional review and notice-and-comment. *See United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019) (en banc). The Commission's attempt to decide which "sex crimes" should be "covered" in the

4

commentary is therefore ineffective and due no deference. Accordingly, Mr. Landers' crimes are not "covered," and the enhancement does not apply.[1]

## II. Mr. Landers is not a "repeat and dangerous sex offender against minors."

Whether or not the 5-level enhancement applies, Mr. Landers is not a "repeat and dangerous sex offender against minors." The Commission explains the rationale for the enhancement:

> This guideline applies to offenders whose instant offense of conviction is a sex offense committed against a minor and who present a continuing danger to the public. The relevant criminal provisions provide for increased statutory maximum penalties for repeat sex offenders and make those increased statutory maximum penalties available if the defendant previously was convicted of any of several federal and state sex offenses (see 18 U.S.C. §§ 2247, 2426). In addition, section 632 of Public Law 102-141 and section 505 of Public Law 105-314 directed the Commission to ensure lengthy incarceration for offenders who engage in a pattern of activity involving sexual abuse or exploitation of minors.

---

[1] Similarly, Mr. Landers has objected to the presentence report's reliance on the Guidelines commentary in using a 75:1 ratio for videos to calculate the number of "images" Mr. Landers possessed. *See generally Phillips*, 54 F.4th at 376-86. However, the application of the "grouping" rules eliminates any impact on the guidelines range from the use of the challenged 75:1 ratio. PSR ¶ 26. At sentencing, the court "must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute or *determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.*" Fed. R. Crim. P. 32(i)(3)(B) (emphasis added). Because the resolution of Mr. Landers' objection will not affect his guidelines range, the Court might consider determining that a ruling on it is unnecessary because it will not affect sentencing or because the Court will not consider it under Rule 32, to avoid the many difficult issues described in *Phillips*.

U.S.S.G. § 4B1.5 cmt. (background).

The subsection (a) enhancement applies only if the defendant had been previously convicted of a similar offense. Responding to a congressional directive, the Commission filled a gap in coverage through subsection (b), at issue here: the enhancement applies to repeat and dangerous offenders whether or not they escaped punishment or their previous crimes went undetected. *See id*. § 4B1.5 cmt. n.4(B)(ii).

Whether or not the enhancement applies as a legal or technical matter, Mr. Landers is simply not a "repeat and dangerous sex offender against minors" in any real or common-sense way, and did not engage in a "pattern of activity involving sexual abuse or exploitation of minors." Mr. Landers engaged in a single course of conduct with a single victim, motivated by what the Government repeatedly calls his "sexual obsession" with his teenaged stepdaughter – a scenario exceedingly unlikely to repeat itself after Mr. Landers' imprisonment and supervised release. Doc. 142 at 3, 6. This is not a demonstrated pedophile, a recidivist sex offender, or a person who has displayed a high likelihood of continuing danger to minors generally. Instead, he is a 47-year-old man who has lived a crime-free life to this point, and who has otherwise maintained stable employment and normal relations with others. Further, the enhancement is not the result of studied deliberation by the Sentencing Commission in an exercise of its institutional expertise, but rather was directly

commanded by Congress. *Cf. Kimbrough v. United States*, 552 U.S. 85, 108-10 (2007). Mr. Landers does not implicate the concerns that animated Congress to act, and none of the 18 U.S.C. § 3553(a) factors support such a dramatic increase in the sentence. If the Court applies the 5-level enhancement as a legal matter, it should vary downwards to a like degree.

### III. The Court should sentence Mr. Landers to 180 months' imprisonment.

Without the "repeat and dangerous sex offender against minors" enhancement, Mr. Landers' guidelines range would be 151 to 188 months' imprisonment. However, certain of the offenses carry a minimum statutory penalty of 15 years' imprisonment. Thus, the Court should impose a sentence of 15 years' imprisonment – 8 months shy of the high end of the adjusted guidelines range.

The Government requests a sentence of 30 years' imprisonment, the statutory maximum. The statutory maximum, of course, should be reserved for the worst offenses and the worst offenders. A multitude of factors demonstrate that Mr. Landers is not among the worst offenders and did not commit one of the worst offenses. First and foremost, the worst offenders have serious criminal history – and Mr. Landers has none. Moreover, the offense – the production of child pornography – is very often committed by enticing the child's participation in the crime, or even outright *raping* her. Mr. Landers did nothing of the sort. The worst offenses would involve the dissemination of the resulting images to others. Mr. Landers did nothing

of the sort, and all the images have been secured by law enforcement. The worst offenders would have a large and varied collection of child pornography, suggesting a strong attraction to children. Mr. Landers had only the images he created, from a single victim. The worst offenders would have little else to show for their lives outside of their crimes. But Mr. Landers has lived into middle age as a productive member of society. Even conceding that the conduct of which Mr. Landers has been found guilty is highly offensive and harmful, for many reasons it is not among the worst versions of the offense at issue, and Mr. Landers is not among the worst offenders.

None of the other reasons the Government advances for a sentence at the statutory maximum are persuasive. The Government argues that the offense did great harm to the victim. Surely this is true, but the Sentencing Guidelines account for the great harm done to victims of child pornography by assigning a very high base offense level of 32, which Mr. Landers accepts. And, many other defendants may do even more harm to their victims by enticing them, raping them, or disseminating the images. Mr. Landers did none of these things. The Government argues that the harm done by Mr. Landers was increased by his status as the victim's stepfather. But again the Guidelines account for this factor, by providing an enhancement because the victim was in his custody, care, or supervisory control. Mr. Landers' requested sentence accepts this enhancement as well.

8

The Government argues that Mr. Landers has not apologized or shown remorse, but again the Guidelines account for this factor. The Guidelines provide a downward adjustment for defendants who accept responsibility for their offenses, and Mr. Landers makes no claim to that adjustment. U.S.S.G. § 3E1.1. Acceptance of responsibility is a reason to *decrease* the sentence; the absence of it is not a reason to *increase* the sentence, as the Government would like.

The Government argues that Mr. Landers' offense lasted for some period of time that included the family's move. But that factor would be adequately accounted for by selecting a sentence higher in the adjusted guidelines range. Mr. Landers' requested sentence does just that, by requesting a sentence of 180 months' imprisonment from a range of 151 to 188 months.

***

Joshua Landers has been found guilty of a serious and terrible crime. But the Guidelines overinflate the advisory sentence by treating him as a particularly dangerous repeat offender, and the Government fails in its attempt to show him to be among the worst offenders who has committed one of the worst crimes. A sentence of 15 years' imprisonment and supervised release would profoundly change the course of his life and provide an accurate measure of the seriousness of his offense. A sentence any greater would be unnecessary to meet any goal of sentencing.

DATED this 3rd day of December 2024.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER

/s Samuel E. Landes
Samuel E. Landes, Esq.
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Email: Samuel_Landes@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd of December 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to AUSA Abigail King.

/s Samuel E. Landes
Samuel E. Landes, Esq.
Assistant Federal Defender